IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| GIANINA FRANCES LAMBERT AND | § | |
| THE ESTATE OF FELIPE TREJOS | § | |
|     Plaintiffs | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| VERONICA ANN GARCIA AND | § | |
| UNITED STATES OF AMERICA AND | § | |
| UNITED STATES POSTAL SERVICE | § | |
|     Defendants | § | JURY TRIAL |

**PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCOVERY**

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES, GIANINA FRANCES LAMBERT, hereinafter called Plaintiff Lambert, and THE ESTATE OF FELIPE ALEXANDER TREJO, hereinafter called Plaintiff Trejos Estate, complaining of and about VERONICA ANN GARCIA, hereinafter called Defendant Garcia, and the UNITED STATES OF AMERICA and UNITED STATES POSTAL SERVICE, hereinafter called Defendant US Postal Service, and for cause of action shows unto the Court the following:

**DISCOVERY CONTROL PLAN LEVEL**

1.    Plaintiffs intend that discovery be conducted under Discovery Level 2.

**PARTIES AND SERVICE**

2.    Plaintiff Gianina Frances Lambert is an individual who resides in Saginaw, Tarrant County, Texas. The last four numbers of her social security number are 1609.

3.    Plaintiff The Estate of Felipe Alexander Trejo, deceased, and represented by his surviving parents, Luis Trejo and Sally Trejo, who reside in Fort Worth, Tarrant County, Texas.

4.    Defendant Veronica Ann Garcia is an individual who resides in Saginaw, Tarrant

County, Texas, and who may be served with process at 1148 Parkhill Ave, Saginaw, Texas, or wherever she may be found by personal delivery. **At this time, Plaintiff respectfully requests electronic issuance of citation upon this defendant for personal service.**

5.  Defendant **UNITED STATES OF AMERICA,** the United States Government, may be served with process by serving **Leigha Simonton, Esq., or the current United States Attorney, 1100 Commerce Street, Third Floor, Dallas, Texas 75242-1699,** and by forwarding a true and correct copy of the citation and Plaintiff's Original Petition to the **U.S. Attorney General, The Honorable William Barr, Department of Justice, 950 Pennsylvania Avenue, NW, Washington, D.C. 20530-0001 (via certified mail, return receipt requested).** **Issuance of a citation is requested at this time to include language that "Defendant may be required to make initial disclosures."**

Defendant **UNITED STATES POSTAL SERVICE,** is an independent agency of the executive branch of the United States Government and may be served with process by serving **Leigha Simonton, Esq., or the current United States Attorney, 1100 Commerce Street, Third Floor, Dallas, Texas 75242-1699,** and by forwarding a true and correct copy of the citation and Plaintiff's Original Petition to the **U.S. Attorney General, The Honorable William Barr, Department of Justice, 950 Pennsylvania Avenue, NW, Washington, D.C. 20530-0001 (via certified mail, return receipt requested).** **Issuance of a citation is requested at this time to include language that "Defendant may be required to make initial disclosures."**

## JURISDICTION AND VENUE

6.  The subject matter in controversy is within the jurisdictional limits of this court. Plaintiffs seek monetary relief over $250,000.00 but not more than $1,000,000.00.

7.  This court has jurisdiction over the parties because Defendant Garcia is a Texas

resident; and Defendant United States of America U.S. Postal Service is an entity doing business in Texas.

8.      Venue in the Northern District, Fort Worth Division, Tarrant County, is proper in this cause pursuant to 28 U.S. Code, § 1391, as a substantial part of the events or omissions giving rise to this lawsuit occurred in Tarrant County.

## FACTS

9.      On or about March 13, 2021 at approximately 21:37, in Fort Worth, Tarrant County, Texas, there was a multi-vehicle accident involving Defendant Veronica Ann Garcia, who was driving Unit 1 Freightliner and hauling Unit 2 trailer for Defendant United States of America Postal Service. Unit 3 Plaintiff Felipe Alexander Trejo was driving his 2008 black Honda Civic with passenger Plaintiff Gianina Frances Lambert. (Plaintiff Trejo is now deceased in an unrelated incident and his Estate is represented by his parents ___ Trejo and Sally Trejo). Unit 4, a 2014 grey Jeep Grand Cherokee, was driven by Lara N. Hohweiler with passengers Dana Sundell and Brian Sundell. Unit 5, a 2017 red Kia Sportage, was driven by Monica Sylvie Magyar.

10.     At the 2201 block of Northeast Loop 820 WB, Defendant Garcia-US Postal Service operating Units 1-2 was changing lanes from lane 2 into lane 3.  Plaintiffs Unit 3 were traveling beside Defendants' tractor-trailer and accelerated attempting to get out from between Defendants Units 1-2 and the concrete wall. However, Defendants' Freightliner Unit 1 struck Unit 3 Plaintiffs, causing Plaintiffs' vehicle to spin several times across the freeway, striking the concrete barrier. Unit 3 Plaintiffs were then struck by Unit 4, and Unit 4 was then struck by Unit 5.

11.     Defendant Garcia stated that she was driving in lane 2 and was changing lanes into lane 3 and "there was no vehicle there," when she then saw her Freightliner hit the front right quarter of Unit 3 Plaintiffs.

12. The Unit 4 driver traveling in lane 1 behind the accident, observed Defendants Unit 1-2 in Lane 1 changed lanes with right turn signal into Lane 2, then continued to change lanes into Lane 3. The Unit 4 driver saw Unit 3 Plaintiffs beside Defendants Unit 1-2 and the Unit 4 driver saw the Defendants' semi-truck kept moving over into lane 3 causing the accident. She saw Unit 3 Plaintiffs then spin into lane 1 and the Unit 4 driver was unable to avoid striking them, and was then immediately struck from behind by Unit 5.

13. The Unit 5 driver observed the initial accident and her account was consistent with the Unit 4 driver. The Unit 5 driver was in lane 1 and was unable to avoid the accident. Traffic came to an immediate stop when Unit 3 Plaintiffs struck the concrete wall. Defendant Garcia driver of Unit 1 was written a citation for unsafe lane change # KT530911.

14. Defendant Garcia was operating the vehicle within the course and scope of her employment with the Defendant United States of America Postal Service, and Defendant Garcia was under the control and direction of the Defendant United States of America's Postal Service at the time of the incident. Plaintiffs' damages are proximately caused by the negligence of Defendants Garcia and United States of America's Postal Service as follows:

### PLAINTIFF'S CLAIM OF RESPONDEAT SUPERIOR

15. In this Petition, any time it is alleged that Defendants did or failed to do any particular act and/or omission, it is meant that Defendants acting individually or by and through agents, officers, directors, servants, and employees, either did or failed to do that particular act and/or omission, within the course and scope of employment, agency or contract, and were operating under the control of Defendants and in furtherance of Defendants' business.

### NEGLIGENCE *PER SE*

16. Defendants, collectively, individually, and/or through its agents or employees,

violated statutes, safety rules, and regulations that are intended to protect against the harm that resulted and to protect the Plaintiffs and class of persons to which Plaintiffs belong. Defendants violated: Federal Motor Carrier Safety Regulations: Rules: 390.11, 391.11, 391.13, 392.2, 392.6, 392.80, 392.82; and, violated Texas Transportation Code: Sections: 542.302, 545.351, 545.401, and 545.060; and other safety standards and regulations designed to protect against the type of harm that resulted from Defendants' negligent and grossly negligent operation of the U.S. postal vehicle involved in the incident in question.

17. These statutes and regulations provide minimum standards and do not allow for judgment or discretion in whether or how to comply with the statutes and regulations. The safety standards were intended to protect members of the public, including Plaintiffs. Defendants' violation of these statutes, safety rules, regulations, and industry safety standards, constitutes negligence *per se*.

## PLAINTIFF'S CLAIM OF NEGLIGENCE
## AGAINST VERONICA ANN GARCIA

18. Defendant Veronica Ann Garcia had a duty to exercise that degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described in this suit. Plaintiffs' injuries were proximately caused by Defendant Garcia's negligent, careless and reckless disregard of his duty. The negligent, careless and reckless disregard of duty of Defendant consisted of, but is not limited to, the following acts and omissions:

a. Defendant failed to change lanes safely and moved into Plaintiff's lane unsafely;

b. Defendant failed to keep a proper lookout for traffic and Plaintiff's safety;

c. Defendant failed to maintain a clear and reasonable distance between the vehicles;

d. Defendant failed to turn the motor vehicle in an effort to avoid the collision;

e. Defendant failed to brake timely and wholly failed to apply the brakes in order to

avoid the collision in question.

## VIOLATION OF STATE STATUTES – NEGLIGENCE PER SE
## AS TO DEFENDANT VERONICA ANN GARCIA

19. Plaintiffs further allege Defendant Garcia was likewise guilty of violating the following statutes of the State of Texas, which were in full force and effect at the time and place of the incident. An unexcused violation of a statute constitutes negligence per se if that statute was designed to prevent injury to the class of persons to which the plaintiff belongs and the Plaintiffs' injury is of a type that the statute was designed to prevent. As Plaintiffs are members of the class that the following statutes were designed to protect, and Plaintiffs' injuries are of the type the statutes were designed to prevent, Defendant's violation of these statutes constitute negligence *per se* as set out in the Texas Transportation Code as follows:

> § 545.351. Maximum Speed Requirement. An operator may not drive at a speed greater than is reasonable and prudent under the circumstances then existing.
>
> § 545.060. Driving on Roadway Lanes for Traffic (Unsafe Lane Change).
> (a) An operator on a roadway divided into two or more clearly marked lanes for traffic:
>    (1) shall drive as nearly as practical entirely within a single lane; and
>    (2) may not move from the lane unless that movement can be made safely.
>
> § 545.401. Reckless Driving. A person commits an offense if the person drives a vehicle in willful or wanton disregard for the safety of persons or property.

## PLAINTIFFS' CLAIM OF NEGLIGENCE
## AGAINST DEFENDANT UNITED STATES OF AMERICA

20. Defendant United States of America's Postal Service had a duty to exercise that degree of care that a corporation doing business in the State of Texas is required to take to avoid harm to others under circumstances similar to those described in this suit. The negligent acts and omissions of the Defendant and statutory violations set out in this suit, separately and collectively, were a direct and proximate cause of the collision in question and the resulting injuries and damages sustained by Plaintiffs. Any statutory violations constitute negligence *per se*.

21. Defendant's violations of sections of the Texas Transportation Code, including but not limited to Sections 542.302, 545.351, 545.401, 545.060; and, the Federal Motor Carrier Safety Regulations - Code of Federal Regulations, including but not limited to Sections 390.11, 391.11, 391.13, 392.2, 392.6, 392.80, 392.82; constitutes negligence *per se*. These statutes and regulations were designed for the protection of a class of persons including Plaintiffs. Defendant's violations of these rules and statutes created a risk of injury to Plaintiffs which the standards were designed to protect against. Such negligence was a proximate cause of the injuries and damages suffered by the Plaintiffs. The negligent acts and omissions of Defendant consisted of, but are not limited to, the following acts and omissions:

 a. Defendant United States of America and US Postal Service is liable under resondeat superior for all acts and omissions of negligence of Defendant Veronica Ann Garcia who was operating Defendant United States of America's Postal Service vehicle within the course and scope of her employment with Defendant and under the direction and control of Defendant United States of America's Postal Service.

 b. Entrusting the U.S. postal vehicle to Defendant Veronica Ann Garcia when Defendant United States of America's Postal Service knew or should have known that Defendant Veronica Ann Garcia was an incompetent driver, unqualified to drive a commercial motor vehicle, inadequately trained, and/or reckless;

 c. Failing to properly train Defendant Veronica Ann Garcia in the operation of the U.S. Postal Vehicle;

 d. Hiring and entrusting incompetent drivers, including Defendant Veronica Ann Garcia, with the right to operate a commercial motor vehicle;

 e. Failing to do what a reasonably prudent motor carrier would do under the same and similar circumstance;

 f. Failing to comply with the Texas Transportation Code and the Federal Motor Carrier Safety Regulations- Federal Code of Regulations; and

 g. Such other acts of negligence, which will be established as the case progresses

**VIOLATION OF STATE STATUTES**
**NEGLIGENCE *PER SE* OF DEFENDANT UNITED STATES OF AMERICA**

22.  Plaintiffs further allege Defendant United States of America US Postal Service is guilty of violating the following statues of the State of Texas, which were in full force and effect at the time and place of the motor vehicle accident. An unexcused violation of a statute constitutes negligence per se if that statute was designed to prevent injury to the class of persons to which Plaintiffs belong and Plaintiffs' injuries are of a type that the statutes were designed to prevent. As Plaintiffs are members of the class that the following statutes were designed to protect, and Plaintiffs' injuries are of the type the statutes were designed to prevent, Defendant's violation of the following statues constitutes negligence *per se*.

> Texas Transportation Code, §542.302. Offense by Person Owning or Controlling Vehicle. A person who owns a vehicle or employs or otherwise directs the operator of a vehicle commits an offense if the person requires or knowingly permits the operator of the vehicle to operate the vehicle in a manner that violates law.

## GROSS NEGLIGENCE

23.  Plaintiffs respectfully show this court and jury that the injuries and damages that Plaintiffs sustained in the incident in question were caused by the gross negligence of Defendants acting by and through their employees, agents, drivers, officers, and representatives in the course of employment for said Defendants. Defendant Veronica Ann Garcia's conduct in changing lanes and continuing to change lanes into the lane in which Plaintiffs were traveling and striking Plaintiffs' vehicle without adequately looking to make sure such action could be done safely, was conducted with reckless disregard of the safety of others, including Plaintiffs, and conscious indifference to the rights, welfare and safety of those persons affected by these actions, including Plaintiffs.

24.  Additionally, Defendant United State of America's Postal Service is grossly negligent as a result of recklessly hiring and entrusting a commercial motor vehicle to Defendant Veronica Ann Garcia, who was unqualified, through training and/or experience, to operate a

commercial motor vehicle. The reckless hiring of and entrusting a commercial motor vehicle to Defendant Veronica Ann Garcia who was unfit to operate a commercial motor vehicle, proximately caused Plaintiffs' damages.

25. Plaintiffs would further show, these acts and omissions, when viewed from the standpoint of Defendants, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiffs and others. Defendants had actual, subjective awareness of the risks of their conduct, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiffs and others.

26. As such, Defendants are grossly negligent and should be subjected to exemplary damages.

## DAMAGES FOR PLAINTIFFS

27. As a direct and proximate result of the collision made the basis of this lawsuit, Plaintiff Gianina Frances Lambert was caused to suffer bodily injury and to incur the following damages:

   a. Reasonable and necessary medical care and expenses in the past, $30,384.00, and which will, in all reasonable probability, be incurred in the future as stated in medical records or by deposition;

   b. Physical pain and suffering in the past, and which will, in all reasonable probability, be incurred in the future;

   c. Mental anguish in the past, and which will, in all reasonable probability, be incurred in the future;

   d. Physical impairment in the past, and which will, in all reasonable probability, be incurred in the future;

   e. Exemplary damages based on gross negligence.

28. As a direct and proximate result of the collision made the basis of this lawsuit, Plaintiff Felipe Alexander Trejo was caused to suffer bodily injury and to incur the following

damages:

    a.    Reasonable and necessary medical care and expenses in the past, $87,422.76;

    b.    Physical pain and suffering in the past;

    c.    Mental anguish in the past;

    d.    Physical impairment in the past;

    e.    Exemplary damages based on gross negligence.

## U.S. LIFE TABLES

29.    Notice is given that Plaintiffs intend to use the U.S. Life Tables as prepared by the United States Department of Health and Human Services.

## DESIGNATED E-SERVICE EMAIL ADDRESS

30.    The undersigned attorney's designation of electronic service email address for all electronically served documents and notices, filed and unfiled, pursuant to Tex.R.Civ.P. 21(f)(2) & 21a:  GMLIT@GMFIRM.COM.  This is the undersigned's ONLY electronic service email address, and service though any other email address will be considered invalid.

## TRIAL BY JURY

31.    Plaintiffs assert their right to a trial by jury pursuant to Federal Rules of Civil Procedure, Rule 38, and U.S.C., Title 28, Section 770.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs GIANINA FRANCES LAMBERT and THE ESTATE OF FELIPE ALEXANDER TREJO respectfully pray that the Defendant UNITED STATES OF AMERICA and the UNITED STATES POSTAL SERVICE and Defendant VERONICA ANN GARCIA be cited to appear and answer this suit; that upon a final hearing of this cause, judgment be entered for the Plaintiffs against Defendants for damages

in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate; and costs of court; and such other further relief to which the Plaintiffs may be entitled, at law or in equity.

          Respectfully submitted,

          **GODSEY MARTIN, P.C.**

          */s/ David M. Patin, Jr.*
          David M. Patin, Jr.
          Texas Bar No. 24076611
          Susan B. Smith
          Texas Bar No. 15943610
          15000 Surveyor Blvd.
          Addison, Texas 75001
          2950 North Loop West, Suite 400
          Houston, Texas 77092
          Tel. 214-744-3339 ext. 8077
          Fax. 469-620-0041
          gmlit@gmfirm.com

          ATTORNEYS FOR PLAINTIFFS
          GIANINA FRANCES LAMBERT AND
          ESTATE OF FELIPE ALEXANDER TREJO

          CORRESPONDENCE, E-SERVED DOCUMENTS, NOTICES AND ORDERS ARE ONLY ACCEPTED AT DESIGNATED E-SERVICE EMAIL ADDRES (GMLIT@GMFIRM.COM). SERVICE ON ANY OTHER EMAIL ADDRESS WILL BE CONSIDERED INVALID